UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAY A. WIVELL, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | CIVIL NO. 4:CV-07-1196 |
| | : | |
| MICHELE WIVELL, ET AL., | : | (Judge McClure) |
| | : | |
| Defendants | : | |

## MEMORANDUM

July 11, 2007

## Background

Jay A. Wivell ("Plaintiff"), an inmate presently confined at the Adams

County Correctional Facility, Gettysburg, Pennsylvania, filed this *pro se* civil

rights action pursuant to 42 U.S.C. § 1983.  His complaint is accompanied by an *in*

*forma pauperis* application.  For the reasons set forth below, Wivell's action will

be dismissed, without prejudice, as legally frivolous under 28 U.S.C. § 1915.

Named as Defendants are the Plaintiff's wife, Michele Wivell and Chief

James Holler of the Liberty Township, Pennsylvania Police Department.[1]  Wivell

---

[1]   It is unclear as to whether the Plaintiff is still married.

states that during September, 2004, his wife committed adultery and thereafter

filed a falsified Protection From Abuse petition  ("PFA") against him.  Plaintiff

adds that his wife's alleged actions ultimately led to numerous adverse

circumstances including the initiation of criminal charges against him and his

present incarceration.

The complaint also generally alleges that Plaintiff's wife conspired with

Defendant Holler, an Adams County Judge, and the District Attorney's office to

deprive him of his constitutional rights.  See Record document no. 1, p. 4.  As

relief, Plaintiff seeks an award of monetary damages.

**Discussion**

28 U.S.C. § 1915 imposes obligations on prisoners who file civil actions in

federal court and wish to proceed *in forma pauperis*.  § 1915(e)(2) provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may
> have been paid, the court shall dismiss the case at any time if the
> court determines that (A) the allegation of poverty is untrue; or (B)
> the action or appeal (I) is frivolous or malicious; (ii) fails to state a
> claim on which relief may be granted; or (iii) seeks monetary relief
> against a defendant who is immune from such relief.

Consequently, federal courts reviewing civil rights complaints filed by

persons wishing to proceed *in forma pauperis*  may determine that process should

not be issued if the complaint is malicious, presents an indisputably meritless legal

theory, or is predicated on clearly baseless factual contentions.  Neitzke v.

Williams, 490 U.S. 319, 327-28 (1989); Wilson v. Rackmill, 878 F.2d 772, 774

(3d Cir. 1989).[2]  In Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995),

the Third Circuit added that "the plain meaning of 'frivolous' authorizes the

dismissal of *in forma pauperis* claims that . . . are of little or no weight, value, or

importance, not worthy of serious consideration, or trivial."  "The frivolousness

determination is a discretionary one," and trial courts "are in the best position" to

determine when an indigent litigant's complaint is appropriate for summary

dismissal.  Denton v. Hernandez, 504 U.S. 25, 33 (1992).

It is well settled that a plaintiff, in order to state an actionable civil rights

claim, must plead two essential elements:  (1) that the conduct complained of was

committed by a person acting under color of law, and (2) that said conduct

deprived the plaintiff of a right, privilege, or immunity secured by the Constitution

or laws of the United States.  Groman v. Township of Manalapan, 47 F.3d 628,

638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d

---

[2]  Indisputably meritless legal theories are those "in which it is either readily
apparent that the plaintiff's complaint lacks an arguable basis in law or that the
defendants are clearly entitled to immunity from suit."  Roman v. Jeffes, 904 F.2d
192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir.
1990)).

Cir. 1990).  As previously noted, Plaintiff contends that his wife filed a falsified

PFA petition and sworn statements against him.  There is no indication in the

present case that Defendant Wivell was acting under color of state law.

Accordingly, with the exception of the vague assertion that Mrs. Wivell conspired

with state officials, a viable § 1983 claim has not been stated against said

Defendant.  It is also noted that witnesses are generally entitled to absolute

immunity from civil rights claims for damages based upon their testimony.  See

Clark v. Vernon, 2007 WL 1034802 *2, n. 3 (3d Cir. April 5, 2007).  Thus,

Plaintiff's apparent claim that his wife gave false testimony against him is

additionally insufficient for purposes of § 1983.

    Second, in order to set forth a cognizable conspiracy claim, a plaintiff

cannot rely on broad or conclusory allegations.  D.R. by L.R. v. Middle Bucks

Area Vocational Technical Sch., 972 F.2d 1364, 1377 (3d Cir. 1992), cert. denied,

506 U.S. 1079 (1993); Rose v. Bartle, 871 F.2d 331, 366 (3d Cir. 1989); Durre v.

Dempsey, 869 F.2d 543, 545 (10th Cir. 1989).  The Court of Appeals for the Third

Circuit has further noted that "[a] conspiracy claim must . . . contain supportive

factual allegations."  Rose, 871 F.2d at 366.  Moreover, "[t]o plead conspiracy

adequately, a plaintiff must set forth allegations that address the period of the

conspiracy, the object of the conspiracy, and the certain actions of the alleged

conspirators taken to achieve that purpose." Shearin v. E.F. Hutton Group, Inc.,

885 F.2d 1162, 1166 (3d Cir. 1989).

The essence of a conspiracy is an agreement or concerted action between

individuals.  See D.R. by L.R., 972 F.2d at 1377; Durre, 869 F.2d at 545.

Consequently, a plaintiff must allege with particularity and present material facts

which show that the purported conspirators reached some understanding or

agreement or plotted, planned and conspired together to deprive plaintiff of a

protected federal right.  Id.; Rose, 871 F.2d at 366; Young v. Kann, 926 F.2d 1396

1405 n.16; Chicarelli v. Plymouth Garden Apartments, 551 F. Supp. 532, 539

(E.D. Pa. 1982).  Where a civil rights conspiracy is alleged, there must be some

specific facts in the complaint which tend to show a meeting of the minds and

some type of concerted activity.  Deck v. Leftridge, 771 F.2d 1168, 1170 (8th Cir.

1985).  A plaintiff cannot rely on subjective suspicions and unsupported

speculation.  Young, 926 F.2d at 1405 n.16 (3d Cir. 1991).

Based upon an application of the above standards to Plaintiff's present

conspiracy claim, his vague, wholly unsupported allegations do not satisfy the

pleading requirements of Rose, Deck, and Young.  Specifically, there are simply

no averments of fact in the complaint that reasonably suggest the presence of an

agreement or concerted activity between his wife and any state officials to violate

Plaintiff's civil rights.  It is apparent that Plaintiff's assertion that his wife

conspired with police (presumably Defendant Holler), the District Attorney's

office, and an Adams County Judge to deprive him of his constitutional rights is

nothing more than mere speculation.

Finally, in Heck v. Humphrey, 512 U.S. 477 (1994), the United States

Supreme Court ruled that a constitutional cause of action for damages does not

accrue "for allegedly unconstitutional conviction or imprisonment, or for other

harm caused by actions whose unlawfulness would render a conviction or

sentence invalid," until the Plaintiff proves that the "conviction or sentence has

been reversed on direct appeal, expunged by executive order, declared invalid by

a state tribunal authorized to make such determination, or called into question by

a federal court's issuance of a writ of habeas corpus."  Id. at 486-87.  Based on the

allegations raised by Wivell, a finding in his favor would imply the invalidity of

his related Adams County criminal prosecution[s].  See  Gibson v.

Superintendent, 411 F.3d 427, 449 (3d Cir. 2005); Sanchez v. Gonzalez, No. 05-

2552, 2005 WL 2007008 *2  (D.N.J.  Aug. 16, 2005).

Since Plaintiff's complaint is "based on an indisputably meritless legal

theory" it will be dismissed, without prejudice, as legally frivolous.  Wilson, 878

F.2d at 774.  An appropriate Order will enter.

        s/ James F. McClure, Jr.
        JAMES F. McCLURE, JR.
        United States District Judge

6

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


JAY A. WIVELL,                              :
                                            :
                Plaintiff                   :
                                            :
        v.                                  :       CIVIL NO. 4:CV-07-1196
                                            :
MICHELE WIVELL, ET AL.,                     :       (Judge McClure)
                                            :
                Defendants                  :


## **ORDER**

July 11, 2007


In accordance with the accompanying Memorandum, **IT IS HEREBY**

**ORDERED THAT:**

    1.    Plaintiff's complaint is dismissed without  prejudice as

          frivolous pursuant to 28 U.S.C. § 1915 (e)(2)(B)(I).

    2.    The Clerk of Court is directed to close the case.

    3.    Any appeal from this Order will be deemed frivolous, without

          probable cause and not taken in good faith.


                        s/ James F. McClure, Jr.
                        JAMES F. McCLURE, JR.
                        United States District Judge